NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| G & G Closed Circuit Events, LLC,<br><br>Plaintiff,<br><br>v.<br><br>Enrique Torres, et al.,<br><br>Defendants. | No. CV-18-02855-PHX-DJH<br><br>**DEFAULT JUDGMENT** |

This matter is before the Court on Plaintiff's Motion for Default Judgment against Defendant Enrique's Grill, LLC d/b/a Los Dos Diablitos Deli ("Los Dos Diablitos"). (Doc. 44). Los Dos Diablitos has failed to answer or defend as provided by the Federal Rules of Civil Procedure after proper service and Default was entered against it. (Doc. 33). Therefore, the allegations in Plaintiff's Complaint are admitted as stated. These admitted facts are that Los Dos Diablitos, without the authorization of the Plaintiff, unlawfully intercepted, received, and exhibited the broadcast of *Gennady Golovkin v. Saul Alvarez IBF World Middleweight Championship Fight Program* on September 16, 2017 on the business site of Los Dos Diablitos as observed by investigator Gerard Alvarez Hose. (Doc. 1).

## I.      Jurisdiction

"When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). The

Court is satisfied that it has jurisdiction over the subject matter and parties to this action. Plaintiff has established that it is an aggrieved party under the Federal Communications Act, 47 U.S.C. § 553 and 47 U.S.C. § 605, et seq.[1] Thus, the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. Plaintiff's Complaint identifies Defendant Los Dos Diablitos Deli, as being managed by Defendant Torres, and as doing business in Tempe, Arizona. (Doc. 1 at 3). The events complained of occurred in Arizona. Thus, the Court's personal jurisdictional requirements are also met.

## II. Background

Plaintiff G & G Closed Circuit Events, LLC, a commercial distributor and licensor of sporting events, filed the Complaint on September 12, 2018. (Doc. 1). The Defendants are Enrique Torres, individually[2] and his business, Los Dos Diablitos. The admitted facts are that Los Dos Diablitos, without the authorization of the Plaintiff, unlawfully intercepted, received and exhibited the broadcast of *Gennady Golovkin v. Saul Alvarez IBF World Middleweight Championship Fight Program* on September 16, 2017 on the business site of Los Dos Diablitos as observed by investigator and Affiant Gerard Alvarez Hose. (Doc. 44-4). Affiant Hose states he was not required to pay an entry fee and at the time he was there, there were no other patrons in the establishment. (*Id*.). Los Dos Diablitos did not respond to the Complaint and has not otherwise defended itself in any manner in this action.

## III. Default Judgment Legal Standard

Federal Rule of Civil Procedure 55(b)(2) governs applications for default judgment. Entry of default judgment is within the court's discretion. *Aldabe v. Aldabe,* 616 F.2d 1089, 1092 (9th Cir. 1980). Factors for the Court to consider in exercising that discretion include: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to

---

[1] The Court recognizes Plaintiff is seeking statutory damages solely under 47 U.S.C. § 605.

[2] Enrique Torres, individually, has responded and the current motion does not concern him.

excusable neglect; and, (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool,* 782 F.2d 1470, 1472 (9th Cir. 1986). Upon entry of default, the factual allegations in the plaintiff's complaint, except those relating to damages, are deemed admitted. *TeleVideo Sys., Inc. v. Heidenthal,* 826 F.2d 915, 917 (9th Cir. 1987).

### A. Analysis

The Court will analyze each of the *Eitel* factors.

#### 1. Possibility of Prejudice

Plaintiff will be prejudiced if this case remains unresolved. Los Dos Diablitos has not answered the Complaint and has not participated in any way. Plaintiff has no alternative means by which to resolve the claims and therefore would suffer prejudice in the absence of default judgment. *See Pepsico, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). This factor favors Plaintiff.

#### 2. Merits of Plaintiff's Claim & Sufficiency of the Complaint

"Under an *Eitel* analysis, the merits of plaintiff's substantive claims and the sufficiency of the complaint are often analyzed together." *Dr. JKL Ltd. v. HPC IT Educ. Ctr.*, 749 F. Supp. 2d 1038, 1048 (N.D. Cal. 2010). The second and third *Eitel* factors favor a default judgment where the complaint sufficiently states a claim for relief upon which the plaintiff may recover. *See Danning v. Lavine*, 572 F.2d 1386, 1388–89 (9th Cir. 1978)); *Pepsico, Inc.*, 238 F. Supp. 2d at 1175. "Upon entry of default, the facts alleged to establish liability are binding upon the defaulting party." *Danning*, 572 F.2d at 1388. "However, it follows from this that facts which are not established by the pleadings of the prevailing party, or claims which are not well-pleaded, are not binding and cannot support the judgment." *Id*.

Plaintiff established that it is a commercial distributor of sporting events and enters into commercial agreements to obtain limited sublicensing rights. (Doc. 1 at 6). These limited sublicensing rights are granted to Plaintiff under the presumption that they are not to be intercepted by entities unauthorized to do so. *Id*. Plaintiff established it had a valid

right to distribute the Program. However, the Program was exhibited at Los Dos Diablitos' Establishment, by cable, satellite, or internet stream, without the requisite commercial license. These facts are conclusively established by the entry of default. Therefore, Plaintiff has met its burden of establishing a violation of the Federal Communications Act. This factor favors Plaintiff.

### 3. Money at Stake

The Court considers the amount of money at stake in relation to the seriousness of Los Dos Diablitos' conduct. *See PepsiCo, Inc*, 238 F. Supp. 2d at 1176. "If the sum of money at stake is completely disproportionate or inappropriate, default judgment is disfavored." *Gemmel v. Systemhouse, Inc.*, 2008 WL 65604, at *4 (D. Ariz. Jan. 3, 2008).

Plaintiff "seeks Judgment in its favor and against the Defendant . . . in the amounts of $5,000 and $15,000" for violations of 47 605(e)(3)(C)(i)(II) and (e)(3)(C)(ii). The licensing fee in this case would have totaled $2,500. The Court finds that an award four times the licensing fee is proportionate to the harm alleged in the Complaint. This factor favors Plaintiff.

### 4. Potential Disputes of Material Facts

There is no dispute concerning the material facts of the case because Los Dos Diablitos, who has been served, has not responded to the Motion for Default Judgment, and has failed to defend this matter. This factor favors Plaintiff.

### 5. Excusable Neglect

There is no evidence before the Court that Los Dos Diablitos' default was due to excusable neglect. Los Dos Diablitos was served with the Complaint and has decided to not respond or take part in any defense in this action. This factor also favors Plaintiff.

### 6. Policy Favoring Decision on the Merits

The Court upholds the public policy, that whenever possible cases should be tried on the merits. *Eitel*, 782 F.2d at 1472. The mere existence of Rule 55(b), however, indicates that this policy is not absolute. *PepsiCo, Inc*, 238 F.Supp.2d. at 1177. Moreover, Los Dos Diablitos' failure to defend this matter and abide by Court Orders makes a decision on the

merits impractical, if not impossible. *See e.g.*, *Dr. JKL Ltd.*, 749 F. Supp. 2d at 1051 (finding defendants "failure to comply with the judicial process makes a decision on the merits likely impossible"). Although, a decision on the merits is favored, Los Dos Diablitos refusal to respond to the Complaint has made this impossible. This factor favors Plaintiff.

As all seven of the *Eitel* factors favor Plaintiff.  Therefore, the Court will grant the Motion and enter default judgment.

### B. Damages

The Federal Communications Act under 47 U.S.C. § 605 provides that "the party aggrieved may recover an award of statutory damages for each violation of subsection (a) involved in the action in a sum of not less than $1,000 or more than $10,000." Plaintiff in addition requests "damages for willful behavior as 'enhanced' statutory damages." (Doc. 44 at 10). Under 47 U.S.C § 605, "any case in which the court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may increase the award of damages, whether actual or statutory, by an amount of not more than $100,000 for each violation."

Courts have wide discretion in awarding statutory damages under the Federal Communications Act and this Court has recognized that an award of four (4) times the licensing fee is reasonable and appropriate. *See Broad. Music,* 928 F. Supp. 2d at 1135 (finding "Plaintiffs' requested amount of $39,000 [in statutory damages] is reasonable and appropriate" where the licensing fees totaled $9,695).

Here, Plaintiff requests a statutory damages award of $5,000 and an enhanced statutory damages award of $15,000 for a total of $20,000 in damages. The Court finds that Plaintiff is entitled to a statutory damages award of $5,000. As to enhanced statutory damages, the Court notes that Plaintiff's Affiant stated that Los Dos Diablitos did not charge an entry fee, and he was the sole patron viewing the program.  Plaintiff does not present sufficient evidence that Defendant aired the program for purposeful commercial gain.  Given that the commercial license fee would have totaled $2,500, an amount two-times the statutory damages allowable is sufficient for the conduct here.  Thus, the Court

will award an additional enhanced statutory damages award in the amount of $5,000 for the Defendant's violations of the Federal Communications Act, for a total award of $10,000.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion for Default Judgment (Doc. 44). is **granted**.

**IT IS FURTHER ORDERED** that Judgment is hereby entered in favor of Plaintiff and against Defendant Enrique's Grill, LLC, d/b/a Los Dos Diablitos in the amount of $10,000 pursuant to 47 U.S.C. § 605.

**IT IS FINALLY ORDERED** that Plaintiff may submit a motion for attorney's fees within 15 days of this Order.

Dated this 3rd day of August, 2020.

Honorable Diane J. Humetewa
United States District Judge