NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| G&G Closed Circuit Events LLC,<br><br>Plaintiff,<br><br>v.<br><br>Enrique Torres,<br><br>Defendant. | No. CV-18-02855-PHX-DJH<br><br>**ORDER** |

This matter is before the Court on Plaintiff's Motion for Attorneys' Fees. (Doc. 50). The Court previously entered default judgment in favor of Plaintiff and allowed it to file the present Motion. (Doc. 49). This case arises out of the unauthorized showing of a program by Defendant. (Doc. 1). The admitted facts are that Los Dos Diablitos, without the authorization of the Plaintiff, unlawfully intercepted, received, and exhibited the broadcast of Gennady Golovkin v. Saul Alvarez IBF World Middleweight Championship Fight Program on September 16, 2017 on the business site of Los Dos Diablitos as observed by investigator Gerard Alvarez Hose. (Doc. 1).

Plaintiff seeks costs in the amount of $625.00 and attorneys' fees in the amount of $5,642.80. Defendants have not filed a response to the motion and the time to do so has expired. *See* LRCiv 7.2(c) (providing that a response must be filed within fourteen days after service of the motion). For reasons stated herein, the Court will grant the Motion.

Because G&G prevailed on its underlying claim under 47 U.S.C. § 605(a), it is entitled to "the recovery of full costs, including . . . reasonable attorneys' fees." 47 U.S.C.

§ 605(e)(3)(B)(iii).  The Court finds the number of hours billed to be reasonable for the time necessarily spend on this case and also finds the hourly rates charged by counsel and his support staff (which range from $110 to $550), to be reasonable. This Court notes that they are reasonable in this instance particularly because this fee request includes only 3.3 hours of time billed by counsel at the $550 rate.  Therefore, the Court will grant the Motion as it relates to the $5,642.80 in attorneys' fees.

G&G also requests $625.00 in non-taxable costs for the hiring of an investigator, whose work preceded the filing of this case.  The threshold issue raised by this request appears to be whether investigative costs are recoverable, given that investigative costs are not one of the enumerated categories of taxable costs set forth in 28 U.S.C. § 1920.  Courts have taken differing opinions on this issue.  As the anti-piracy statute specifically authorizes the recovery of "full costs," many courts have held that investigative costs should be allowed beyond those specified in the taxable-costs statute.  *See, e.g., G&G Closed Circuit Events, LLC v. Ruiz*, 2019 WL 5268656, *3 (S.D. Cal. 2019) ("47 U.S.C. § 605 instructs that the court 'shall direct the recovery of full costs . . . .' For this language to have any meaning it must include costs that go beyond those to which Plaintiff would be entitled as the prevailing party in the absence of this provision.").  The Court agrees and will allow the $625.00 in investigative costs requested by Plaintiff.

Accordingly,

**IT IS HEREBY ORDERED** that the Plaintiff's Motion for Attorneys' Fees and Costs (Doc. 50) is **granted**.  Plaintiff is hereby awarded attorneys' fees in the amount of $5,642.80 and costs in the amount of $625.00.

**IT IS FURTHER ORDERED** that because this case shall remain open judgment shall not yet be entered.

Dated this 3rd day of November, 2020.

Honorable Diane J. Humetewa
United States District Judge