NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| G&G Closed Circuit Events LLC, | No. CV-18-02855-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Enrique Torres, | |
| Defendant. | |

This matter is before the Court on Plaintiff's Motion for Summary Judgment.  (Doc. 45).  *Pro se* Defendant Enrique Torres filed a Response (Doc. 46) and Plaintiff filed a Reply (Doc. 48).  The Court previously granted default judgment in favor of Plaintiff against Defendant's business, Enrique's Grill, LLC d/b/a Los Dos Diablitos Deli ("Los Dos Diablitos"), for failure to appear in this action.  (Doc. 49).

Plaintiff alleges that Defendant Enrique Torres ("Torres"), sole owner of Los Dos Diablitos, without the authorization of the Plaintiff, unlawfully intercepted, received, and exhibited the broadcast of Gennady Golovkin v. Saul Alvarez IBF World Middleweight Championship Fight Program on September 16, 2017 on the business site of Los Dos Diablitos as observed by investigator Gerard Alvarez Hose.  (Doc. 1).  The Court previously found Defendant Los Dos Diablitos liable for the alleged conduct and awarded $10,000 in statutory damages to Plaintiff.  (Doc. 49).  Plaintiff's Motion for Summary Judgment alleges that Torres, as sole owner of Los Dos Diablitos, is vicariously liable for the actions of his business.  Plaintiff seeks $20,000 in damages from Torres.

## I.   Legal Standards

In reviewing a motion for summary judgment, a Court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322-323 (1986); *Jesinger v. Nevada Fed. Credit Union*, 24 F.3d 1127, 1130 (9th Cir. 1994). The materiality requirement means "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Substantive law determines which facts are material. *Id.* The dispute must be genuine, meaning the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 242. The Court determines whether there is a genuine issue for trial but does not weigh the evidence or determine the truth of matters asserted. *Jesinger*, 24 F.3d at 1131.

The moving party bears the initial burden of identifying the portions of the record, including pleadings, depositions, answers to interrogatories, admissions, and affidavits that it believes demonstrates the absence of a genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 323. If the moving party meets its initial burden, the opposing party must establish the existence of a genuine dispute as to any material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-586 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party. *Anderson*, 477 U.S. at 249. However, the evidence of the non-movant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255.

## II.   Copyright Act

Section 605(a) of the Communications Act prohibits the unauthorized receipt and use of radio communications for one's "own benefit or for the benefit of another not entitled thereto." 47 U.S.C. § 605(a). Moreover, 47 U.S.C. § 553 provides, in pertinent part, that "[n]o person shall intercept or receive or assist in intercepting or receiving any communications service offered over a cable system, unless specifically authorized to do

so by a cable operator or as may otherwise be specifically authorized by law." 47 U.S.C. § 553(a)(1). "The law does not require direct evidence to support a factual finding. Circumstantial evidence may be sufficiently persuasive. Signal piracy is by its nature a surreptitious venture and direct evidence of actual interception may understandably be hard to come by." *DirecTV, Inc. v. Webb*, 545 F.3d 837, 844 (9th Cir. 2008). 47 U.S.C. §§ 605 and 553 are strict liability statutes, and therefore, a plaintiff does not need to establish that a defendant acted willfully in order to establish liability. 47 U.S.C. § 605(e)(3)(C)(iii); 47 U.S.C. § 553(c)(3)(C).

As an initial matter, Torres did not directly respond to any of Plaintiff's statements of fact, rather submitting a three-page response full of self-serving statements. (Doc. 46). Torres argues that he had no knowledge that the broadcast would be played at his establishment and denies playing any part in it. (Doc. 46). He argues that it may have been one of his employees that is responsible for the alleged conduct. *Id.* However, Torres does not provide any admissible evidence or declaration to rebut any of Plaintiff's facts. Therefore, Plaintiff's Statement of Facts that are supported by evidence must be accepted as true. *See* LRCiv. 56.1(b).[1] However, the Court does note some relevant facts that are undisputed. Primarily, the Court finds that there were no patrons in the establishment at the time the broadcast was played and that Los Dos Diablitos is no longer in business.

Plaintiff has established that Torres unlawfully intercepted, received, and/or divulged the Program at his commercial establishment, Los Dos Diablitos. Moreover, it is undisputed that Defendants did not have rights to broadcast the program. It is also undisputed that Plaintiff's investigator observed the Program on a 19" television screen, which appeared to be streaming the program via the internet, and that there were no patrons

---

[1] "Any party opposing a motion for summary judgment must file a statement, separate from that party's memorandum of law, setting forth: (1) for each paragraph of the moving party's separate statement of facts, a correspondingly numbered paragraph indicating whether the party disputes the statement of fact set forth in that paragraph and a reference to the specific admissible portion of the record supporting the party's position if the fact is disputed; and (2) any additional facts that establish a genuine issue of material fact or otherwise preclude judgment in favor of the moving party. Each additional fact must be set forth in a separately numbered paragraph and must refer to a specific admissible portion of the record where the fact finds support."

present.  (Doc. 45-1 at 1).  Plaintiff points out that it is unsettled as to whether a violation may implicate both 47 U.S.C. § 605 and 47 U.S.C. § 553.  Ultimately, this issue is more relevant to damages as Plaintiff may not recover under both statutes.  *See Kingvision Pay Per View, Ltd. v. Guzman*, 2008 WL 1924988, at *1 (D. Ariz. April 30, 2008).  Nonetheless, to the extent necessary, Plaintiff requests that liability be found under Section 605 as the signal originated as an encrypted, closed-circuit satellite signal, (Doc. 45-2 at 4-5, ¶ 11), and it was accessed via internet stream (Doc. 45-1 at 1).  The Court agrees and will find Plaintiff liable solely under Section 605.  Torres has not provided sufficient evidence favoring him that could preclude the Court from finding in favor of Plaintiff.  *See Anderson*, 477 U.S. at 249.  Therefore, the Court will grant Plaintiff's Motion.

**III.    Damages**

The Federal Communications Act under 47 U.S.C. § 605 provides that "the party aggrieved may recover an award of statutory damages for each violation of subsection (a) involved in the action in a sum of not less than $1,000 or more than $10,000."  Moreover, under 47 U.S.C § 605, "any case in which the court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may increase the award of damages, whether actual or statutory, by an amount of not more than $100,000 for each violation."  The amount of damages to be awarded rests in the sound discretion of the Court pursuant to 47 U.S.C. §605(e)(3)(C)(i)(II), and 47 U.S.C. §605(e)(3)(C)(ii).

Plaintiff seeks $5,000.00 in statutory damages pursuant to 47 U.S.C. §605(e)(3)(C)(i)(II), and an additional $15,000.00 in enhanced statutory damages pursuant to 47 U.S.C. §605(e)(3)(C)(ii).  Plaintiff argues that the licensing fee would have been $2,500.00.  Therefore, the total award sought under this section is eight times the amount of the fee.  The Court appreciates that a defendant is not deterred if a court only imposes the amount of the original licensing fee as a damage award, but the Court is not convinced that the award needs to be eight times the fee in order to be a deterrent to future conduct.  Moreover, it is undisputed that there were no patrons present during the broadcast, and that

the business has closed and thus has no income.  The Court also notes that it has already entered judgment against Los Dos Diablitos and awarded Plaintiff $10,000 in damages (Doc. 49) and over $6,000 in attorneys fees and costs (Doc. 53).  The Court takes these facts into consideration in awarding damages.

Based on the foregoing, the Court finds that Plaintiff is entitled to a statutory damages award of $1,000 against Torres, pursuant to Section 605.  The Court does not find that an award of enhanced statutory damages is warranted against Torres.  Therefore, the Court will grant Plaintiff's Motion for Summary Judgment, and enter judgment in the amount of $1,000 against Defendant Torres.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. 45) is **granted**.  Judgment shall be entered against Defendant Torres in the amount of $1,000 pursuant to 47 U.S.C. § 605 and this matter shall be closed.

Dated this 21st day of January, 2021.

Honorable Diane J. Humetewa
United States District Judge